YOUNG (UNITED STATES v.). See Case No. 16,782.

YOUNG (WASHINGTON v.). See Case No. 17,241.

## Case No. 18,176.

### YOUNG et al. v. WETZELL et al.

[3 Cranch, C. C. 359.][1]

Circuit Court, District of Columbia. Dec. Term, 1828.

LIMITATION OF ACTIONS — ACKNOWLEDGMENT — DESCRIPTION OF DEBT.

A declaration by the defendants to the marshal, at the time of serving the writ (which did not specify the cause of action, nor its amount,) that they would pay the debt if they were not arrested upon other judgments then existing against them, and compelled to clear out under the insolvent act, is not sufficient to take the case out of the act of limitations, although the defendants were not arrested upon other judgments; but if the cause of action and its amount were mentioned to them at the time of such declaration, it may be left to the jury, and if they should find that the promise referred to that particular cause of action, it would be sufficient in law to take the case out of the statute

Assumpsit on a promissory note [by Young and Queen against Wetzell and Mills]. Plea, limitations. When arrested by the marshal, in this suit, and shown the writ, which did

_____

[1] [Reported by Hon. William Cranch, Chief Judge.]

not designate the amount nor specify the cause of action, the defendants said to the marshal that they would pay the debt, if they were not arrested upon other judgments then existing against them, and compelled to clear out under the insolvent act. They have not been so arrested.

THE COURT (MORSELL, Circuit Judge, contra) instructed the jury, at the prayer of Mr. Key, for the defendant, that such acknowledgment was not sufficient to take the case out of the statute of limitations. See the case of Bell v. Morrison, 1 Pet. [26 U. S.] 351.

Mr. Woodward, the deputy-marshal, who served the writ, further testified that he had filed the note in the clerk's office, in this case, and he thinks he mentioned this note to them as the cause of action; he had no certain recollection that he did, but his impression is that he did.

THE COURT (CRANCH, Chief Judge, doubting) said that the evidence might be left to the jury; and if they should be of opinion that the promise to pay referred to this cause of action, that promise was sufficient in law to take the case out of the statute.